Tod S. Chasin
BUCHANAN INGERSOLL & ROONEY PC
700 Alexander Park, Suite 300
Princeton, NJ 08540
Phone: (609) 987-6802
Fax: (609) 520-0360
ATTORNEYS FOR DEFENDANT
BRADSHAW INTERNATIONAL, INC.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HUTZLER MANUFACTURING COMPANY, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRADSHAW INTERNATIONAL, INC. ) <br> ) <br> ) <br> Defendant. ) <br> ) <br> ) | 1:11-cv-07211 (PGG) (RLE) <br><br> **DEFENDANT'S ANSWER,** <br> **AFFIRMATIVE DEFENSES** <br> **AND COUNTERCLAIMS** |

Defendant Bradshaw International, Inc. ("Bradshaw"), by and through its counsel, submits its Answer, Affirmative Defenses and Counterclaims to the Hutzler Manufacturing Company Inc.'s ("Hutzler") Complaint for Patent Infringement as follows:

**GENERAL DENIAL**

Bradshaw denies each and every allegation contained in the Complaint, unless the allegation is specifically admitted to or otherwise pleaded.

**NATURE OF ACTION**

1.  Bradshaw admits that the Complaint purports to be a civil action for injunctive relief and damages arising under the Acts of Congress relating to patents, 35 U.S.C. § 1 *et seq.*, and for common law tortious interference and unfair competition under New York law.

## THE PARTIES

2. Bradshaw lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and accordingly denies the same.

3. Bradshaw admits that it is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 9409 Buffalo Avenue, Rancho Cucamonga, California 91730-6012.

## JURISDICTION AND VENUE

4. Bradshaw admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

5. Bradshaw neither admits nor denies the allegations in Paragraph 5 of the Complaint. However, Bradshaw will waive the defense that it is not subject to personal jurisdiction in this Court.

6. Bradshaw admits that venue may lie in this judicial district. Bradshaw denies that it resides in this district. Bradshaw denies that is has committed any acts of patent infringement. Bradshaw denies the remaining allegations in Paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

### Hutzler's Patents

7. Bradshaw lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, and accordingly denies the same.

8. Bradshaw lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and accordingly denies the same.

9. Bradshaw lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and accordingly denies the same.

10. Bradshaw lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and accordingly denies the same.

### The Onion Saver Patent

11. Bradshaw admits that U.S. Patent No. D538,114 ("the '114 Patent"), was issued on March 13, 2007 with a claim for the "ornamental design for an onion container." Bradshaw admits that a copy of the '114 Patent was attached as Exhibit 1 to the Complaint. Bradshaw lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 of the Complaint, and accordingly denies the same.

12. Bradshaw lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and accordingly denies the same.

### The Garlic Saver Patent

13. Bradshaw admits that U.S. Patent No. D592,463 ("the '463 Patent"), was issued on May 19, 2009 with a claim for the "ornamental design for a garlic container." Bradshaw admits that a copy of the '463 Patent was attached as Exhibit 2 to the Complaint. Bradshaw lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 of the Complaint, and accordingly denies the same.

14. Bradshaw lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and accordingly denies the same.

### Alleged Infringement

15. Bradshaw admits that it imports household products manufactured in Asia into North America, where it distributes them. Bradshaw denies the remaining allegations of Paragraph 15 of the Complaint.

16. Bradshaw denies the allegations of Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint is vague and ambiguous; therefore, Bradshaw accordingly denies the same.

18. Bradshaw denies the allegations of Paragraph 18 of the Complaint.

19. Bradshaw denies the allegations of Paragraph 19 of the Complaint.

20. Bradshaw denies the allegations of Paragraph 20 of the Complaint.

21. Bradshaw denies the allegations of Paragraph 21 of the Complaint.

22. Bradshaw denies the allegations of Paragraph 22 of the Complaint.

23. Bradshaw denies the allegations of Paragraph 23 of the Complaint.

24. Bradshaw admits that it offered products for sale at a March 6, 2011 International Housewares Show in Chicago, Illinois. Bradshaw denies that any products offered for sale infringe Hutzler's patents. Bradshaw denies the remaining allegations of Paragraph 24 of the Complaint.

25. Bradshaw admits that it offered products for sale at a March 6, 2011 International Housewares Show in Chicago, Illinois. Bradshaw denies that any products offered for sale infringe Hutzler's patents. Bradshaw denies the remaining allegations of Paragraph 25 of the Complaint.

26. Bradshaw admits that it began distributing products in Price Chopper Supermarkets on or before May 21, 2011. Bradshaw denies that any products distributed infringe Hutzler's patents. Bradshaw denies the remaining allegations of Paragraph 26 of the Complaint.

27. Bradshaw admits that it has distributed products to supermarket retailers since May 21, 2011. Bradshaw denies that any products distributed or offered for sale infringe Hutzler's patents. Bradshaw denies the remaining allegations of Paragraph 27 of the Complaint.

28.	Bradshaw denies selling or offering for sale any product that infringes Hutzler's patents. Bradshaw lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 of the Complaint, and accordingly denies the same.

29.	Bradshaw denies the allegations of Paragraph 29 of the Complaint.

30.	Bradshaw lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint, and accordingly denies the same.

31.	Bradshaw lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint, and accordingly denies the same.

### Alleged Irreparable Harm to Hutzler

32.	Bradshaw denies the allegations of Paragraph 32 of the Complaint.

33.	Bradshaw denies the allegations of Paragraph 33 of the Complaint.

34.	Bradshaw admits that prior to filing the present Complaint, Hutzler and its counsel advised Bradshaw of Hutzler's rights in and to the '114 Patent and the '463 Patent and of Hutzler's belief that certain products being distributed by Bradshaw infringed such patents. Bradshaw admits that it has not substantively responded to such communication, except that Bradshaw states that it made attempts to contact Hutzler's counsel and was not successful in reaching Hutzler's counsel due to severe weather at Hutzler's counsel's location. Bradshaw denies the remaining allegations of Paragraph 34 of the Complaint.

35.	Bradshaw lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint, and accordingly denies the same.

36.	Bradshaw lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint, and accordingly denies the same.

37.	Bradshaw denies the allegations of Paragraph 37 of the Complaint.

38. Bradshaw denies that any of its products infringe Hutzler's patents and Bradshaw denies that any of its products are cheaply constructed. Bradshaw lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38 of the Complaint, and accordingly denies the same.

39. Bradshaw denies the allegations of Paragraph 39 of the Complaint.

40. Bradshaw denies the allegations of Paragraph 40 of the Complaint.

41. Bradshaw denies the allegations of Paragraph 41 of the Complaint.

42. Bradshaw denies the allegations of Paragraph 42 of the Complaint.

43. Bradshaw denies the allegations of Paragraph 43 of the Complaint.

44. Bradshaw lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint, and accordingly denies the same.

45. Bradshaw lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint, and accordingly denies the same.

46. Bradshaw denies the allegations of Paragraph 46 of the Complaint.

47. Bradshaw denies the allegations of Paragraph 47 of the Complaint.

48. Bradshaw denies the allegations of Paragraph 48 of the Complaint.

## COUNT I

### Alleged Infringement of the '114 Patent

49. Bradshaw incorporates by reference its denials and admissions set forth in Paragraphs 1-48 above as if fully restated in this Paragraph.

50. Bradshaw denies the allegations of Paragraph 50 of the Complaint.

51. Bradshaw denies the allegations of Paragraph 51 of the Complaint.

52. Bradshaw denies the allegations of Paragraph 52 of the Complaint.

53.  Bradshaw denies the allegations of Paragraph 53 of the Complaint.

## COUNT II

### Alleged Infringement of the '463 Patent

54.  Bradshaw incorporates by reference its denials and admissions set forth in Paragraphs 1-53 above as if fully restated in this Paragraph.

55.  Bradshaw denies the allegations of Paragraph 55 of the Complaint.

56.  Bradshaw denies the allegations of Paragraph 56 of the Complaint.

57.  Bradshaw denies the allegations of Paragraph 57 of the Complaint.

58.  Bradshaw denies the allegations of Paragraph 58 of the Complaint.

## COUNT III

### Alleged Tortious Interference With Business

59.  Bradshaw incorporates by reference its denials and admissions set forth in Paragraphs 1-58 above as if fully restated in this Paragraph.

60.  Bradshaw denies the allegations of Paragraph 60 of the Complaint.

61.  Bradshaw denies the allegations of Paragraph 61 of the Complaint.

62.  Bradshaw denies the allegations of Paragraph 62 of the Complaint.

63.  Bradshaw denies the allegations of Paragraph 63 of the Complaint.

## COUNT IV

### Alleged Unfair Competition

64.  Bradshaw incorporates by reference its denials and admissions set forth in Paragraphs 1-63 above as if fully restated in this Paragraph.

65.  Bradshaw lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint, and accordingly denies the same.

66. Bradshaw lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Complaint, and accordingly denies the same.

67. Bradshaw denies the allegations of Paragraph 67 of the Complaint.

68. Bradshaw denies the allegations of Paragraph 68 of the Complaint.

69. Bradshaw denies the allegations of Paragraph 69 of the Complaint.

70. Bradshaw denies the allegations of Paragraph 70 of the Complaint.

71. Bradshaw denies the allegations of Paragraph 71 of the Complaint.

72. Bradshaw lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the Complaint, and accordingly denies the same.

73. Bradshaw denies the allegations of Paragraph 73 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

74. Hutzler fails to state a claim for which relief may be granted.

75. Bradshaw does not and has not infringed, directly or indirectly, any valid and enforceable claim of the '114 or '463 Patents.

76. All allegedly infringed claims of the '114 and '463 Patents are invalid for failure to meet one or more of the conditions for patentability under 35 U.S.C. §§ 101, 102, 103, 112 and 171 and the rules, regulations and laws pertaining thereto.

77. Hutzler's claims are barred by the equitable doctrines of laches, waiver and/or estoppel.

78. Bradshaw specifically reserves the right to assert any and all defenses, affirmative or otherwise, that may become available through information developed in discovery, at trial, or otherwise.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff, Bradshaw International, Inc. ("Bradshaw"), by way of its counterclaims against Plaintiff and Counterclaim Defendant Hutzler Manufacturing Company Inc.'s ("Hutzler"), hereby alleges as follows:

## THE PARTIES

1. Bradshaw is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 9409 Buffalo Avenue, Rancho Cucamonga, California 91730-6012.

2. Hutzler states that it is a corporation organized and existing under the laws of the State of New York. Upon information and belief, Hutzler has a principal place of business at 4 Grace Way, Canaan, Connecticut 06018. Hutzler states that it does business in this judicial district.

## JURISDICTION AND VENUE

3. This is a counterclaim seeking declaratory relief of noninfringement and invalidity of U.S. Patent Nos. D538,114 ("the '114 patent") and D592,463 ("the '463 Patent") pursuant to 28 U.S.C. §§ 2201 and 2202 and arising under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.* This Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. There is an actual controversy between Hutzler and the Counterclaim Plaintiff Bradshaw regarding the validity and infringement of the '114 and '463 Patents because Hutzler, in its Complaint for Patent Infringement, sued Bradshaw for infringement of the '114 and '463 Patents.

5.  Venue is proper in this district under 28 U.S.C. §§ 1391(b),(c) and 1400(b).

6.  By filing its Complaint, Hutzler consented to the personal jurisdiction of this Court.

## COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '114 PATENT

7.  Bradshaw incorporates by reference the allegations contained in Paragraphs 1-6 of the Counterclaims as if fully set forth herein.

8.  Bradshaw does not and has not infringed, directly or indirectly, any valid and enforceable claim of the '114 Patent. Further, Bradshaw contends that it has not willfully infringed any such patent, and that it is not liable for damages arising from the claimed infringement.

## COUNT II: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '463 PATENT

9.  Bradshaw incorporates by reference the allegations contained in Paragraphs 1-8 of the Counterclaims as if fully set forth herein.

10. Bradshaw does not and has not infringed, directly or indirectly, any valid and enforceable claim of the '463 Patent. Further, Bradshaw contends that it has not willfully infringed any such patent, and that it is not liable for damages arising from the claimed infringement.

## COUNT III: DECLARATORY JUDGMENT OF INVALIDITY OF THE '114 PATENT

11. Bradshaw incorporates by reference the allegations contained in Paragraphs 1-10 of the Counterclaims as if fully set forth herein.

12. Claims of the '114 Patent are invalid for failure to meet one or more of the

conditions for patentability under 35 U.S.C. §§ 101, 102, 103, 112 and 171 and the rules, regulations and laws pertaining thereto.

**COUNT IV: DECLARATORY JUDGMENT OF INVALIDITY OF THE '463 PATENT**

13. Bradshaw incorporates by reference the allegations contained in Paragraphs 1-12 of the Counterclaims as if fully set forth herein.

14. Claims of the '463 Patent are invalid for failure to meet one or more of the conditions for patentability under 35 U.S.C. §§ 101, 102, 103, 112 and 171 and the rules, regulations and laws pertaining thereto.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant Bradshaw prays for a final judgment against Hutzler and respectfully requests that this Court enter an Order providing:

1. That Hutzler's Complaint be dismissed with prejudice;

2. That any and all of Hutzler's claims for injunctive relief be denied;

3. That any and all of Hutzler's claims for equitable relief be denied;

4. That each and every claim of the '114 Patent is invalid;

5. That each and every claim of the '463 Patent is invalid;

6. That Bradshaw has not infringed, directly or indirectly, any valid and enforceable claim of the '114 Patent;

7. That Bradshaw has not infringed, directly or indirectly, any valid and enforceable claim of the '463 Patent;

8. That Bradshaw has not tortuously interfered with Hutzler's business;

9. That Bradshaw has not unfairly competed with Hutzler;

11

10. That Bradshaw be granted their costs and reasonable attorney's fees pursuant to 35 U.S.C. § 285.

11. That Bradshaw be granted such further and other relief as this Court may deem just and proper, together with the costs and disbursements incurred in this action.

### JURY DEMAND

Bradshaw demands a trial by jury of all issues so triable pursuant to Fed. R. Civ. P. 38(b).

Dated: November 4, 2011

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC


/s/ Tod S. Chasin
Tod S. Chasin
BUCHANAN INGERSOLL & ROONEY PC
700 Alexander Park, Suite 300
Princeton, NJ 08540
Phone: (609) 987-6802
Fax: (609) 520-0360
*tod.chasin@bipc.com*

OF COUNSEL:
Robert J. Kenney
BIRCH, STEWART, KOLASCH & BIRCH, LLP
8110 Gatehouse Road, Suite 100E
Falls Church, VA 22042
Phone: (703) 205-8000
Fax: (703) 205-8050
*RJK@bskb.com*

**ATTORNEYS FOR DEFENDANT
BRADSHAW INTERNATIONAL, INC.**