UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HUTZLER MANUFACTURING COMPANY, INC.   )
               )
       Plaintiff,  )
               )
v.               )  1:11-cv-07211-PGG
               )
BRADSHAW INTERNATIONAL, INC.   )
               )
      Defendant.  )
               )
               )

## AFFIDAVIT OF JEFF MEGORDEN

  I, Jeff Megorden, make this Affidavit in support of the Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction in the above-captioned matter, and declare as follows:

1. I am over the age of 18 years old, and am the Vice President of Defendant, Bradshaw International, Inc.("Bradshaw") I have held that position for five years, before which my title at Bradshaw was Director of Global Supply Chain.

2. Bradshaw's product line of kitchen utensils and home products includes more than 2,400 different items and is constantly changing.

3. I am aware that it is Bradshaw's policy to investigate whether products of other parties in the marketplace are protected by United States patent protection before Bradshaw markets similar new products, as Bradshaw takes very seriously the patent and other intellectual property rights of others, as well as its own.

4. I am familiar with the facts surrounding the design and production of the Bradshaw onion saver and garlic saver products which have been accused of design patent infringement by Plaintiff, Hutzler in the above-captioned action.

5. Bradshaw was aware of the Hutzler garlic saver and onion saver products and the design patents which allegedly cover those products before designing the accused products in issue in this action and Bradshaw took significant efforts to design products which do not infringe those patents.

6. Bradshaw also obtained an opinion from its United States intellectual property counsel regarding the issue of infringement of the Hutzler patents in issue and relied upon that opinion in proceeding with the marketing of the accused products.

7. From the date of first sale of the accused Bradshaw garlic saver and onion saver products to September 30, 2011, Bradshaw sold approximately 33,000 total units of the accused garlic saver and approximately 113,000 total units of the accused onion saver.

8. I am aware that Plaintiff, Hutzler has alleged that Bradshaw pays annual fees to have exclusive rights to permanent space in most supermarket retailers; that once a company buys space in a supermarket, the supermarket does not sell space to competitors; and that a company can buy space for between two and five years. These allegations are not correct. Commercial agreements between supermarket retailers and Bradshaw vary widely but in no instance does Bradshaw pay an annual fee to a supermarket retailer to have exclusive rights to space.

9. I am also aware that Plaintiff, Hutzler has alleged that its sales of products in its Food Saver Line have declined by 21% in the second half of 2011 because of the introduction of Bradshaw's Infringing Products. For the reasons discussed in paragraphs 10 and 12 of this Affidavit, this allegation is not accurate.

10. Bradshaw is not the only party selling food saver products, including garlic saver and onion saver products in competition with the Hutzler products. Attached are photos from

web pages showing several other parties selling competing goods. Therefore, Hutzler cannot assert that its sales have decreased solely as a result of Bradshaw's actions.

11. I also believe the allegations of Paragraph 38 of the Hutzler Complaint are not accurate, namely, that the accused Bradshaw products are "more cheaply constructed and more cheaply priced" than Hutzler's products and that Bradshaw's products "are being sold and offered for sale at a price approximately 25-50 percent lower than the advertised price" for the Hutzler products. Bradshaw's products are at least of comparable quality – in fact Bradshaw believes its product to be superior to Hutzler's. As to price, Bradshaw generates reasonable margins but has no control over the final retail price.

12. I am also aware that Hutzler has changed the design of its garlic saver and onion saver products since the introduction of Bradshaw's products in the market. That change has resulted in the new Hutzler products competing against the prior Hutzler products in the market. Specifically we noticed the appearance of this competing product in Bed Bath & Beyond (BBB) stores sometime in spring/summer 2011. BBB is considered a premier retailer of housewares and is known for its ability to move large quantities through its cash registers owing to the number of outlets and its reputation for pricing.

13. Bradshaw would be harmed by failure to meet the terms of present importation and distribution contracts and be forced to breach its present obligations, which would injure its reputation within the industry, subject it to significant economic harm and hinder its potential to engage in future arrangements with those parties.

I swear under penalty of perjury that the facts set forth in this Affidavit are true and accurate.

Dated: November 7, 2011

_____
Jeff Megorden

Subscribed and sworn before me on this 7th day of November 2011.

_____
Notary

My Commission expires on   May 31, 2013.

## CALIFORNIA JURAT WITH AFFIANT STATEMENT

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

_____   _____
Signature of Document Signer No. 1     Signature of Document Signer No. 2 (if any)

State of California
County of __San Bernardino__

Subscribed and sworn to (or affirmed) before me on this __7th__ day of __November__, 20__11__, by

(1) __Jeffrey Megorden__,
    Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me (.) (,)

(and

(2) _____,
    Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me.)

Signature _____Stephanie M. Haller_____
          Signature of Notary Public

[Notary Seal: STEPHANIE M. HALLER, Commission # 1847616, Notary Public - California, San Bernardino County, My Comm. Expires May 31, 2013]

Place Notary Seal Above

――――― OPTIONAL ―――――

Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

**Further Description of Any Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

RIGHT THUMBPRINT OF SIGNER #1 — Top of thumb here
RIGHT THUMBPRINT OF SIGNER #2 — Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5910   Reorder: Call Toll-Free 1-800-876-6827