UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                         :
HUTZLER MANUFACTURING COMPANY, INC.                                      :
                                                                         :
                      Plaintiff,                                               :   **PLAINTIFF'S ANSWER**
                                                                            **TO DEFENDANT'S**
                                                                            **COUNTERCLAIMS**
                                                                         :
                    -against-                                               :
                                                                         :   11 Civ. 7211 (PGG) (RLE)
BRADSHAW INTERNATIONAL, INC.,                                            :
                                                                         :
                                                                         :
                      Defendant.                                               :
                                                                         :
------------------------------------------------------------------------ X

       Plaintiff Hutzler Manufacturing Company, Inc. ("Hutzler"), as and for its answer to defendant Bradshaw International, Inc.'s ("Bradshaw") Counterclaims (the "Counterclaims"), denies each and every allegation therein, except as follows:

### AS TO "THE PARTIES"

       1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Counterclaims.

       2.    Admits the allegations in paragraph 2 of the Counterclaims.

### AS TO "JURISDICTION AND VENUE"

       3.    The allegations contained in paragraph 3 of the Counterclaims purport to state conclusions of law, as to which no response is required.

       4.    The allegations contained in paragraph 4 of the Counterclaims purport to state conclusions of law, as to which no response is required.

       5.    The allegations contained in paragraph 5 of the Counterclaims purport to state conclusions of law, as to which no response is required.

10670367

6. The allegations contained in paragraph 6 of the Counterclaims purport to state conclusions of law, as to which no response is required.

### AS TO "COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '114 PATENT"

7. Repeats each response set forth in paragraphs 1 through 6 as though fully set forth herein.

8. Denies the allegations in paragraph 8 of the Counterclaims.

### AS TO "COUNT II: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '463 PATENT"

9. Repeats each response set forth in paragraphs 1 through 6 as though fully set forth herein.

10. Denies the allegations in paragraph 10 of the Counterclaims.

### AS TO "COUNT III: DECLARATORY JUDGMENT OF INVALIDITY OF THE '114 PATENT"

11. Repeats each response set forth in paragraphs 1 through 6 as though fully set forth herein.

12. Denies the allegations in paragraph 12 of the Counterclaims.

### AS TO "COUNT IV: DECLARATORY JUDGMENT OF INVALIDITY OF THE '463 PATENT"

13. Repeats each response set forth in paragraphs 1 through 6 as though fully set forth herein.

14. Denies the allegations in paragraph 14 of the Counterclaims.

### AFFIRMATIVE DEFENSES

15. The Counterclaims fail to state facts sufficient to constitute a valid cause of action against Hutzler.

-3-

      16.    Defendant Bradshaw has infringed, contributed to the infringement of, or induced infringement of the valid and enforceable claims of U.S. Patent No. D538,114 ("the '114 Patent").

      17.    Each of the claims in the '114 Patent are valid.

      18.    Defendant Bradshaw has infringed, contributed to the infringement of, or induced infringement of the valid and enforceable claims of U.S. Patent No. D592,463 ("the '463 Patent").

      19.    Each of the claims in the '463 Patent are valid.

      20.    Defendant Bradshaw is barred from relief under the equitable doctrine of estoppel.

      21.    Defendant Bradshaw is barred from relief under the equitable doctrine of laches.

      22.    Defendant Bradshaw is barred from relief under the doctrine of unclean hands.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

23. That defendant Bradshaw's Counterclaims be dismissed with prejudice and that Plaintiff be awarded such attorney fees, costs or disbursements it might be entitled to under applicable law; and

24. That the Court enter Judgment in favor of plaintiff Hutzler granting it the relief set forth in the Prayer for Relief its operative Complaint; and

25. For such other, further and different relief as the Court deems just, equitable, and proper.

New York, New York
November 28, 2011

                Respectfully submitted,

                CURTIS, MALLET-PREVOST,
                  COLT & MOSLE LLP

                By: */s/Turner P. Smith*
                    Turner P. Smith (TS 8052)
                    Michael R. Graif (MG 4795)
                    Nicole M. Mazanitis (NM 1983)
                101 Park Avenue
                New York, New York  10178
                (212) 696-6000

                *Attorneys for Plaintiff*