

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUTZLER MANUFACTURING
COMPANY, INC.,

                  Plaintiff,

      - against -

BRADSHAW INTERNTIONAL, INC.,

                  Defendant.

**ORDER**

11 Civ. 7211 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

       On October 20, 2011, Plaintiff Hutzler Manufacturing Company, Inc. ("Hutzler") moved for a preliminary injunction against Defendant Bradshaw International, Inc. ("Bradshaw"), alleging that certain Bradshaw products infringed Hutzler's design patents for garlic and onion storage containers. (Dkt. No. 4) In a July 24, 2012 Memorandum Opinion and Order, this Court granted Hutzler's motion. (Dkt. No. 24) The Court directed Hutzler to submit a proposed preliminary injunction order by July 26, 2012. (Id.)

       On July 26, 2012, Hutzler submitted the following proposed order:

(1) Defendant Bradshaw, its officers, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them are enjoined, pending the hearing and determination of this action, from making, using, offering for sale, selling, importing, or distributing the Bradshaw Onion Keeper or the Bradshaw Garlic Keeper, or any other container that embodies the designs claimed in the U.S. Patent No. D538,114 or U.S. Patent No. D592,463.

(2) Defendant Bradshaw, its officers, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them are enjoined, pending the hearing and determination of this action, from marketing, selling, advertising or promoting the Bradshaw Food Keeper line of products, or any similar containers that are likely to be confused with any of the products in the Hutzler Food Saver line of products.

>   (3) Defendant Bradshaw shall, within 60 days of the date of this Order, recall all Bradshaw Food Keeper products from each and every retail location in which any Bradshaw Food Keeper product is sold.

(July 26, 2012 Smith Ltr. with Proposed Order)

On July 31, 2012, Bradshaw submitted objections to Hutzler's proposed order. (Dkt. No. 26) Bradshaw contends, inter alia, that Hutzler's proposed order "fails to comport with the notice required for Bradshaw to adequately defend against Hutzler's motion and disturbs fundamental notions of justice" because the proposed order "presents [for] the first time during the entire pendency of this case . . . that Hutzler . . . is seeking a preliminary injunction against Bradshaw's entire Food Keeper line of products, rather than just the Bradshaw Onion and Garlic Keepers." (Def. Objections at 2) (emphasis in original)  Bradshaw further argues that "Hutzler is attempting to extend its patent protection far beyond what it has claimed in its design patents. Bradshaw's ability to design around the Hutzler patents cannot be enjoined by the Court." (Id. at 5)  Bradshaw also objects to a recall of its products, arguing that "Hutzler has not provided any evidence or legal basis for imposing a much more restrictive mandatory preliminary injunction over the more common prohibitory preliminary injunction," and maintaining that a recall would be "unduly burdensome." (Id. at 6-9)

Hutzler filed a reply in support of its proposed injunction on August 1, 2012. (Dkt. No. 27)  Hutzler counters that "Bradshaw has been on notice that the entire Food Keeper Line was at issue since the commencement of the action on October 13, 2011," arguing that both the Complaint and Hutzler's brief in support of its motion for a preliminary injunction "made clear that Hutzler's Unfair Competition claim and the relief sought under the Preliminary Injunction covered the entire Food Keeper Line, not only the Onion and Garlic Keepers." (Pltf. Reply at 2) (emphasis in original)  Hutzler also argues that "Bradshaw has not presented any

evidence – by way of affidavit or even reasoned analysis in its brief – that it faces a substantial burden to recall its Food Keeper line of products. Moreover, a recall order is appropriate even where the burden is significant." (Id. at 8) (emphasis in original)

The scope of preliminary injunctive relief will be limited to Bradshaw's Onion Keeper and Garlic Keeper. In the ad damnum clause of its Complaint, Hutzler seeks the following injunctive relief:

> [an order] [p]reliminarily and permanently enjoining defendant . . . from unfairly competing with Hutzler and from infringing or inducing infringement of the '114 Patent and/or the '463 Patent and, specifically, from directly or indirectly making, using, selling, or offering for sale any products embodying the inventions of the '114 Patent and/or the '463 Patent during their terms, without the express written authority of Hutzler.

(Cmplt., ad damnum clause)

The limited relief sought in the ad damnum clause is entirely consistent with the remainder of Hutzler's Complaint. The focus of the Complaint throughout is on Hutzler's patented designs for its Onion Saver and Garlic Saver, and on the two Bradshaw products that allegedly infringe Hutzler's patented designs. (See, e.g., id. ¶¶ 11-14, 18-28, 31-34, 38-47, 49-63, 65-68, 70) Having chosen to limit its request for injunctive relief to its onion and garlic storage products, Hutzler cannot now demand a broader injunction that addresses other storage products.[1]

---

[1] While Hutzler's preliminary injunction motion (Dkt. No. 4) seeks an order "preliminarily enjoining defendant Bradshaw . . . from: (1) infringing, or inducing infringement, of Hutzler's patents, and (2) unfairly competing with Hutzler's line of produce containers, specifically, from directly or indirectly making, using, selling or offering for sale any products embodying the inventions of the patents during their terms or the [Hutzler] Food Saver Line. . . ." (Dkt. No. 4) (emphasis added), a party cannot – through a preliminary injunction motion – effect a sub silentio amendment of its complaint to broaden the relief sought. See Yarborough v. Queens Auto Mall, Inc., No. 08 Civ. 3179(DLI)(ALC), 2010 WL 1223584, at *2 (E.D.N.Y. Mar. 23, 2010) ("Plaintiff may not amend his complaint through his motion papers.") (citing Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998) (rejecting new claim raised for the first

The parties' submissions concerning the propriety of a recall are entirely inadequate. Although Bradshaw claims that a recall would be unduly burdensome (Def. Objections at 6), Bradshaw has provided no factual support – for example, in the form of affidavits concerning the cost of a recall – for its argument. Moreover, neither party has provided an adequate legal analysis concerning the propriety of a recall here. Both sides will make supplemental submissions in support of their arguments. In those submissions, the parties will also address an appropriate Rule 65(c) bond amount in the event that the Court orders a recall of Bradshaw's Onion Keeper and Garlic Keeper.

The parties' supplemental submissions will be served and filed on the following schedule:

1. Bradshaw's submission is due on **August 10, 2012**.
2. Hutzler's submission is due on **August 17, 2012**.

Dated: New York, New York
August 3, 2012

SO ORDERED.

*[signature]*

Paul G. Gardephe
United States District Judge

---

time in plaintiff's opposition to a motion to dismiss)); see also Gomez v. City of New York, No. 09 Civ. 620, 2012 WL 1514868, at *4 (E.D.N.Y. Apr. 30, 2012) ("It is well-settled that a party is not entitled to amend its complaint through statements made in motion papers. . . .").

4